Matthew M. Levy, J.
The incompetent is and has been a patient at the Central Islip Sanatorium since 1952. The petitioner was appointed as the committee on February 21, 1957. This is an application by the petitioner for an order granting her leave to retain counsel, for the filing and judicial .settlement of her final account as such committee, and for the establishment of a luxury and burial fund for the incompetent.
The committee states that, 1 ‘ pursuant to section 1383 of the Civil Practice Act, it is now necessary that the petitioner file *1034 and have judicially settled her Final Account.” The committee is in error. Section 1383 applies in a ease where the incompetent has died. Such demise is not alleged in the papers submitted to me.
It may be that the committee meant to refer to .section 1381 of the Civil Practice Act, and particularly subdivision 9 thereof. Under that statute, if it is shown that the assets of the estate are “,so depleted” or the committee is “no longer needed”, the committee may be permitted to resign, and in such case a final accounting is in order. But that, too, does not appear to be the fact here, .at least on the present submission. The committee’s surety bond was required to be $6,000 at the time of her appointment, a comparatively short while ago. The assets now aggregate $1,600. Whether there are expected to be further funds incoming is not negatived by the moving party. The estate is now small, but I see no need to deplete it further by imposing upon it the expense of a final accounting at this time. Such a procedure normally includes an allowance for the committee’s attorney and requires the appointment by the court of a special guardian who must be paid out of the assets of the incompetent. But no reason is offered why the petitioner desires to resign, and no facts are presented to justify a final account. The continued filing of the regular annual accounts of the committee is of course in order (Civ. Prac. Act, § 1379).
Insofar as a luxury fund for the incompetent is concerned, the committee may establish that on the basis of her own good and fair judgment, subject to later judicial accounting. Insofar as a burial fund is concerned, the age, condition of physical health and other relevant factors are not set forth justifying attention now. Nor is there presented any information as to prospective place of burial, family relationships, family cemetery plot data, if any, and the like. The motion is denied.